SIXTH AVE. R. Co. *v.* MANHATTAN RY. Co.

*(Supreme Court, Special Term, New York County.   March 23, 1891.)*

ELEVATED RAILROAD—CONSTRUCTION IN STREET—INJURY TO ABUTTING OWNERS—EVIDENCE.

> The fact that the construction of an elevated railroad in a street, and the erection of a station, have caused property in the immediate vicinity of the terminal point of a surface railroad to increase in value by being applied to different uses than formerly, is not sufficient to warrant a finding that the terminal property has also increased in value, since it cannot be devoted to any other uses with profit to its owners.

Action by the Sixth Avenue Railroad Company against the Manhattan Railway Company to restrain the operation of defendant's elevated railroad in a street in front of plaintiff's premises, and to recover past damages. For former report, see 9 N. Y. Supp. 207.

*Burrill, Zabriskie & Burrill,* for plaintiff.   *Davies, Short & Townsend,* for defendant.

PATTERSON, J.   On going over the record in this case, I am forced to the same conclusion that was reached on the first trial, with reference to what has been called the depot property of the plaintiff, namely, that situated on Sixth avenue, between Forty-Third and Forty-Fourth streets, and that the value of the easements or property there taken by the defendant should be fixed at the sum of $28,000.   Concerning the property located between Fifty-Eighth and Fifty-Ninth streets, and the lot on the south-east corner of Fifty-Eighth street and Sixth avenue, I consider, on the whole testimony, that the value of the property taken is, as to the former, $35,000, and the latter, $5,000. The principles upon which such actions as this are maintained are well settled, and it is entirely clear to my mind, and, indeed, is not disputed by defendant's counsel, the existence of the elevated railway in front of the plaintiff's premises, considered simply by itself, would and does depreciate the value of the property.   But my attention is particularly called by the counsel for the defendant to what is said by the court of appeals in the *Newman Case,* 118 N. Y. 618, 23 N. E. Rep. 901, in which in an action at law it was held that special benefits resulting from the road and its traffic may be offset against injuries arising from the presence of the structure in front of the property.   Assuming that case applies now, I am not able to find as a fact in this case, so far as the depot property is concerned, that any advantage whatever has accrued to that property, or that its value has in any way been enhanced, by the building of the elevated railroad.   As to the Fifty-Eighth and Fifty-Ninth street property, and the lot at the corner of Fifty-Eighth street, the situation of the case is exceptional.   Those properties might have been benefited by a station of the elevated railroad being near them, but it is a terminal point of the road, and all the inconveniences and disadvantages which result from the use of that terminal station, with the increased occupation of space in the street, the shifting of trains, the changing of locomotives, and blowing of steam, the pumping of water, the removal of ashes, and the occupation of some portion of the street almost up to the house line, go very far to neutralize any advantage which would otherwise accrue to the property by the existence and operation of the road.   But there is still another view which must not be disregarded, and that is that property fronting Central park and extending westward from Fifth avenue on Fifty-Ninth street, or located near and not fronting the park, had a special value, and other lots than those in front of which the defendant's structure is erected, from the building uses to which they may be applied, have largely increased in value; and that increase has not been shared in by this property, and for the simple reason that it could not be devoted to those uses with profit to the owner. It would seem to be self-evident that the block between Fifty-Eighth and

Fifty-Ninth streets could not be devoted to the use of an hotel, such as that between Fifty-Eighth and Fifty-Ninth streets on Fifth avenue, nor to the erection of an apartment house such as the Navarro buildings, which extend along Seventh avenue between the same streets. It is quite apparent that but for the presence of this elevated railroad the plaintiff's land on Sixth avenue between Fifty-Eighth and Fifty-Ninth streets would have been eligible for the same sort of occupation. The purposes to which this land can be applied have, therefore, been restricted. It has been excluded from the general character of use to which land on Fifty-Ninth street and Fifth and Seventh avenues, between Fifty-Eighth and Fifty-Ninth streets, has been and may be applied; and the necessary consequence is that it has not shared in the general increase of values in that neighborhood, where structures of the superior kind referred to have been erected. The same difficulty is presented in this case as in all others of a similar character, and that is of ascertaining the real value of the easements taken upon the conflicting and obviously interested testimony of expert witnesses on both sides. On the whole testimony I am convinced that the value I have fixed does no injustice to either party.